UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 16-21538-CIV-GAYLES/TURNOFF

MSPA CLAIMS 1, LLC,

    Plaintiff,

v.

GEICO GENERAL INSURANCE
COMPANY,

    Defendant.
_____/

## ORDER

**THIS CAUSE** comes before the Court upon Plaintiff's Motion to Remand [ECF No. 12]. The Court has considered the Motion and the record, and is otherwise fully advised. For the reasons stated below, the Court grants the Motion to Remand.[1]

## BACKGROUND

Plaintiff MSPA Claims 1, LLC ("Plaintiff"), as assignee of Florida Healthcare Plus ("FHCP"), has brought several actions against automobile insurance companies seeking to recover payments FHCP made to medical providers for treating its enrollees' injuries from automobile accidents. On March 16, 2015, Plaintiff filed this action against Defendant Geico General Insurance Company ("Defendant") in the Circuit Court in and for Miami-Dade County, Florida; Case No. 15-005294. On November 9, 2015, while Defendant's Motion to Dismiss was pending, Plaintiff filed an Amended Complaint. On December 1, 2015, Plaintiff filed a Motion for Leave to File a Second Amended Complaint. On March 31, 2016, the Miami-Dade trial court granted the motion and deemed the Second Amended Class Action Complaint for Damages filed. The Second Amended Complaint seeks class certification.

---

[1] The Court adopts Judge Scola's thorough analysis in *MSPA Claims 1, LLC v. Allstate Property and Casualty*

On April 29, 2016, Defendant removed the case asserting that this Court has original and diversity jurisdiction. Defendant alleges that removal is timely pursuant to the revival exception.

## DISCUSSION

Removal is proper in "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). To establish original jurisdiction, a lawsuit must satisfy the jurisdictional prerequisites of either federal question jurisdiction, pursuant to 28 U.S.C. § 1331, or diversity jurisdiction, pursuant to 28 U.S.C. § 1332. Federal question jurisdiction exists when the civil action arises "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. The burden of establishing federal jurisdiction falls on the party attempting to invoke the jurisdiction of the federal court. *See McNutt v. Gen. Motors Acceptance Corp. of Indiana*, 298 U.S. 178, 189 (1936). "[A]ll doubts about jurisdiction should be resolved in favor of remand to state courts." *Univ. of So. Ala. v. American Tobacco Co.*, 168 F.3d 405, 411 (11th Cir. 1999). Courts must strictly construe the requirements of removal jurisdiction and remand all cases in which jurisdiction is doubtful. *See Shamrock Oil v. Sheets*, 313 U.S. 100, 108-109 (1941). The Court looks at the plaintiff's complaint at the time of removal to determine jurisdiction. *See Ehlen Floor Covering, Inc. v. Lamb*, 660 F.3d 1283, 1287 (11th Cir. 2011).

Pursuant to 28 U.S.C. § 1446(b), a party must file its notice of removal within thirty (30) days of receipt of an initial pleading raising federal question jurisdiction. "The timing provision's general purpose is to prevent removal late in the proceedings that will cause delay and disruption to the case." *Racquet Club Apartments at Bonaventure 4 S. Condo. Ass'n v. U.S. Sec'y of Hous. & Urban Dev.*, No. 12-60459, 2012 WL 3244656, at *2 (S.D. Fla. Aug. 9, 2012). It is undisputed that the initial pleading in this action was removable. Defendant chose not to remove it. Accordingly,

---

*Insurance Company,* Case No. 16-cv-21148-RNS, ECF No. 34 (S.D. Fla. Jul. 6, 2016).

removal was not timely and Defendant has waived its right to remove. *See* 28 U.S.C. § 1446(b).

Defendant attempts to circumvent the removal statutes by relying on the judicially created doctrine of "revival." In some circuits, the "revival exception" allows "a defendant who fails to exercise his removal rights on the first available basis to newly assert the right to remove based on the occurrence of certain later events." *Doe v. Fla. Int'l Univ. Bd. of Trustees*, 464 F. Supp. 2d 1259, 1261 (S.D. Fla. 2006). The Eleventh Circuit has yet to endorse this exception.[2] However, other courts applying the revival doctrine limit it to cases where: 1) the plaintiff deliberately misleads a defendant about the nature of the case until the removal period expires or 2) where an amended complaint "fundamentally alters" the nature of the case to such an extent that it creates "an essentially new lawsuit." *Wilson v. Intercollegiate (Big Ten) Conference Athletic Association,* 668 F.3d 962 (7th Cir. 1982).

Defendant argues that the Second Amended Complaint fundamentally changed the nature of this case. The Court disagrees. Although the Second Amended Complaint increased the value of Plaintiff's claims, it arises out of the same facts as the initial pleading. *See Nickle v. Israel*, No. 14-62952-CIV, 2015 WL 417828, at *2 (S.D. Fla. Jan. 30, 2015) (remanding where the amended complaint was "based primarily on the same factual allegations in the original [c]omplaint"). Therefore, the revival exception does not apply.

---

2 Several district courts have held that the Eleventh Circuit is not likely to recognize a revival exception to § 1446(b)(1). *See Nickle v. Israel*, No. 14-62952-CIV, 2015 WL 417828, at *2 (S.D. Fla. Jan. 30, 2015); *Tucker v. Equifirst Corp.*, 57 F. Supp. 3d 1347, 1351 (S.D. Ala. 2014) ("The Court does not believe that the Eleventh Circuit would recognize a "revival exception to Section 1446(b)(1) were the question presented.").

## **CONCLUSION**

For the foregoing reasons, it is hereby

**ORDERED AND ADJUDGED** that Plaintiff's Motion to Remand is **GRANTED**. This action is remanded to the Eleventh Judicial Circuit in and for Miami-Dade County, Florida. The Court denies MSPA's request for attorney's fees as the Court finds that Defendant had an objectively reasonable basis for seeking removal. It is further

**ORDERED AND ADJUDGED** that this case is **CLOSED** for administrative purposes and all pending motions are **DENIED as moot.**

**DONE AND ORDERED** in Chambers at Miami, Florida, this 22nd day of November, 2016.

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE